IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | Criminal No. 21-CR-00135-JB |
| | * | |
| SEGUNDO DARIO BRAVO LOPEZ | * | |

## MOTION FOR DETENTION

The United States moves for pretrial detention of the defendant, pursuant to Title 18, United States Code, Section 3142(e) and (f).

1. <u>Eligibility of Case</u>.  This case is eligible for a detention order because this case involved:

    A. ____    Crime of Violence (18 U.S.C. § 3156);

    B. ____    This is an offense for which the maximum sentence is life imprisonment or death;

    C. _X_    This is a drug offense for which a maximum term of imprisonment of ten years or more is prescribed;

    D. ____    The above-named defendant(s) has committed a felony after having been convicted of two or more prior offenses described in paragraphs A through C, or two or more state or local offenses that would have been offenses described in paragraphs A through C if a circumstance giving rise to Federal jurisdiction had existed;

    E. ____    Any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code;

  F. __x__  There is a serious risk that the above-named defendant will flee;

  G. ____  There is a serious risk that the above-named defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

2. <u>Reason for Detention</u>. The court should detain the defendant because there are no conditions or combination of conditions of release which will reasonably assure:

  A. __x__  The defendant's appearance as required; and/or

  B. ____  The safety of any other person and/or the community.

3. <u>Rebuttable Presumption</u>. The United States **will/will not** invoke the rebuttable presumption against the defendant pursuant to Title 18, United States Code, Section 3142(e). If yes, the rebuttable presumption arises because:

  A. __x__  There is probable cause to believe that the defendant committed a drug offense for which a maximum term of imprisonment of ten years or more is prescribed **or** <u>an offense under Title 18, United States Code, Section 924(c)</u>.

  B. ____  The defendant has been convicted of a Federal offense as described in Title 18, United States Code, Section 3142(f)(1), or of a state or local offense that would have been an offense described in the above section if a circumstance giving rise to Federal jurisdiction had existed; and

  C. ____  The defendant committed the offense described in paragraph B above while on release pending trial for a Federal, State, or local offense; and

    D. ___  A period of not more than five years has elapsed since the date of conviction for offense described in paragraph C above, or the release of the person from imprisonment, whichever is later.

    E. ___  The defendant is alleged to have committed a crime concerning the exploitation of a child as referred to in Title 18, United States Code, Section 3142(e).

4. <u>Time for Detention Hearing</u>.  The United States, by and through the undersigned Assistant United States Attorney, requests that this court conduct a detention hearing:

    A. ___  At first appearance; or

    B. _X_  After a continuance of _3_ days (not to exceed three days).

Dated this 11th day of August 2021.

    SEAN P. COSTELLO
    UNITED STATES ATTORNEY
    by:

    */s/ Justin D. Kopf for Sinan Kalayoglu*
    Justin D. Kopf for Sinan Kalayoglu
    Assistant United States Attorney
    United States Attorney's Office
    63 S. Royal Street, Suite 600
    Mobile, Alabama 36602
    Telephone: (251) 441-5845